UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSH LUKEVICH, CATHY SCOTT, and
JULIE ST. SYR, individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

STATION CASINOS, a Nevada Corporation,
dba Red Rock Casino Resort and Spa; dba
Palace Station Hotel & Casino; dba Boulder
Station Hotel & Casino; dba Santa Fe Station
Hotel & Casino; dba Wildfire Casino; dba
Wild Wild West Gambling Hall & Hotel; dba
Texas Station Gambling Hall & Hotel; dba
Fiesta Rancho Casino Hotel; dba Sunset
Station Hotel & Casino; dba Fiesta Henderson
Casino Hotel; dba Magic Star Casino; and dba
Gold Rush Casino,

    Defendants.

2:08-cv-00141-LRH-LRL

ORDER

    Before the court is Defendant Station Casinos' Motion to Recover Costs (#82[1]). Plaintiffs John Lukevich, Cathy Scott, and Julie St. Syr, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), have filed an opposition (#85) to which Defendant replied (#87).

---

[1] Refers to the court's docket entry number.

1    This is a proposed class action alleging claims for "earned and unpaid wages" on behalf of
2  "all persons who, at any time since February 4, 2005, are or were employed by Defendant as hourly
3  employees at any of the hotels [or] casinos owned and operated by Defendant . . . in the State of
4  Nevada, who did not receive proper compensation for all hours worked during their employment
5  with Defendant."  (Compl. (#1) at 1.)
6    On March 17, 2009, the court held a hearing where it requested additional briefing to
7  address the court's jurisdiction over this dispute.  As a result of that briefing, on July 16, 2009, the
8  court dismissed Plaintiffs' claims for lack of subject matter jurisdiction (#80).  Several days later,
9  on July 21, 2009, Plaintiff filed an action in the Eighth Judicial District Court of Nevada alleging
10  similar claims against Defendant.
11     Defendant asks that the court award its costs pursuant to 28 U.S.C. § 1919.  In particular,
12  Defendant seeks an award of $29,657.77 reflecting the following costs: (1) $12,694.16 in transcript
13  costs; (2) $350.00 in filing and recording fees; (3) $16,501.11 in duplication fees; and (4) $112.50
14  for color copying.
15    Section 1919 provides, "Whenever an action or suit is dismissed in any district court . . . for
16  want of jurisdiction, such court may order the payment of just costs."  28 U.S.C. § 1919.  The court
17  has discretion in determining whether to award costs under § 1919, and unlike an award of costs
18  under Federal Rule of Civil Procedure 54, awarding costs pursuant to § 1919 does not turn on
19  which party is the "prevailing party."  *Miles v. California*, 320 F.3d 986, 988 n.2 (9th Cir. 2003).
20    In determining what costs are included as "just costs" under § 1919, courts have looked to
21  the costs enumerated in 28 U.S.C. § 1920.  *See, e.g., Callicrate v Farmland Indus.*, 139 F.3d 1336,
22  1339 (10th Cir. 1998) *(citing Signorile v. Quaker Oats Co.*, 499 F.2d 142, 145 (7th Cir. 1974))*;
23  Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005).  In relevant part, § 1920
24  allows for recovery of the following costs: (1) fees of the clerk; (2) fees for printed and
25  electronically recorded transcripts necessarily obtained for use in the case; (3) fees for printing; (4)
26

costs of making copies necessarily obtained for use in the case; and (5) docket fees. 28 U.S.C. § 1920.

In *Callicrate v. Farmland Industries*, 139 F.3d 1336 (10th Cir. 1998), the Tenth Circuit Court of Appeals addressed a situation similar to the case now before the court. There, the district court had dismissed the plaintiff's case for lack of subject matter jurisdiction, and the defendants sought costs pursuant to 28 U.S.C. § 1919. *Id.* at 1342. Upon dismissal, the plaintiff filed suit in state court alleging claims identical to those alleged in the federal suit. *Id.* As to the defendants named in the state court action, the court reasoned, "Since the merits of the controversy . . . is undecided, the determination below that [the defendants] should recover costs incurred respecting the merits of the . . . controversy is speculative and premature." *Id.* The court further noted that under state law, the prevailing party would be entitled to an award of costs upon the resolution of the action in state court. *Id.* As such, the court denied the defendant's request for costs relating to the merits of the controversy. *Id.* Nonetheless, the court found that, under § 1919, the district court could award the costs incurred to obtain dismissal of the action for lack of jurisdiction.

The court finds the Tenth Circuit's reasoning persuasive.[2] Under Nevada law, the prevailing party is generally entitled to an award of its costs. *See* Nev. Rev. Stat. §§ 18.020, 18.050. An award of cost in the state court action here may include both those costs incurred before dismissal of the federal court action in preparation for litigating the merits of the controversy and further costs incurred during the state court proceeding. Under these circumstances, the court will not award Defendant's costs relating to the merits of the case.

However, the court will award the portion of costs Defendant incurred in obtaining dismissal of the action for lack of jurisdiction. Defendant has neither argued nor made any showing that the requested costs it incurred before the hearing held on March 17, 2009, were

---

[2]The Ninth Circuit Court of Appeals has not addressed this issue.

3

related to establishing the court's lack of jurisdiction.  Instead, Defendant argues that because, after the hearing on March 17, 2009, the parties were involved exclusively in briefing the jurisdictional issue, all costs incurred after that date are necessarily related to jurisdiction.  This excludes from Defendant's currently recoverable costs the $12,694.16 in transcripts costs, the $350.00 in filing fees, and the $112.50 for color photocopying, as Defendant incurred each of these costs before March 17, 2009.

Defendant incurred some of the duplication fees after March 17, 2009.  In particular, after the hearing, Defendant spent approximately $1,326.50 on photocopies.  Thus, the court must determine whether these are "just costs" recoverable under § 1919.  As noted above, the court looks to the costs enumerated in 28 U.S.C. § 1920 for guidance.  While § 1920 provides for the recovery of the costs of making copies of materials "necessarily obtained for use in the case," courts have held that where copies are merely for the convenience of the attorneys, the costs are not recoverable as "necessary" within the meaning of § 1920.  *See, e.g., Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (finding that the plaintiff should not be "held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines").

Here, Defendant has not provided information indicating whether the copies made were "necessarily obtained for use in the case" or simply for the convenience of counsel.  The court finds that, under § 1919, Defendant must make some showing that the costs it incurred were (1) related to the dismissal of the case for lack of jurisdiction and (2) for more than the convenience of counsel.  Defendant has made no such showing.  As such, the court will deny Defendant's photocopying costs.

Because Defendant has failed to demonstrate that any of the costs identified were related to the dismissal of the case for lack of jurisdiction, the court will deny Defendant's motion in its entirety.

IT IS THEREFORE ORDERED that Defendant's Motion to Recover Costs (#82) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of November 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5